# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4153 | **DATE** | 10/5/2012 |
| **CASE TITLE** | Lansing vs. Carroll | | |

**DOCKET ENTRY TEXT**

Motion by defendants George W. Carroll and GW Carroll VI LLC for leave to join additional party (#37) is granted. Motion by plaintiffs RTE Lansing VI LLC, Robert T.E. Lansing, RTE Lansing CCRC LLC, de Gelderse Blom LP to partially dismiss counterclaim (#46) is granted in part and denied in part. See statement section of this order for details.

■[ For further details see text below.] Notices mailed by Judicial staff.

# STATEMENT

Plaintiffs Robert T.E. Lansing ("Lansing"), RTE Lansing VI LLC, RTE Lansing CCRC LLC, de Gelderse Blom LP ("Lansing Owner Entities," collectively with Lansing "plaintiffs") filed a two count amended complaint against defendants George W. Carroll ("Carroll") and GW Carroll VI LLC (collectively "defendants") alleging (1) breach of the buy/sell provisions contained in the shareholder and operating agreements; and (2) breach of contract and for declaratory relief under the shareholder misconduct provision of the shareholder agreement. Defendants filed a three count counterclaim alleging (1) breach of fiduciary duty; (2) breach of the buy/sell provisions contained in the shareholder and operating agreements; and (3) conversion. Counts I and III of the counterclaim are asserted against plaintiffs and Realty Portfolio Holdings LP, which defendants seek to join as a party under Federal Rules of Civil Procedure 13(h) and 21. Plaintiffs have moved to dismiss Counts I and III of the counterclaim.

I.    **Motion to dismiss Count I of the Counterclaim**

Plaintiffs argue that Count I must be dismissed as duplicative of Count II. One count may be dismissed as duplicative of another where "the parties, claims, facts and requested relief are substantially the same." *Van Vliet* v. *Cole Taylor Bank*, No. 10 CV 3221, 2011 WL 148059, at *2 (N.D. Ill. Jan. 18, 2011) (citing *Norfleet* v. *Stroger*, 297 Fed. Appx. 538, 540 (7th Cir. 2008)).[1] As for the parties, Counts I and II are both brought against Lansing and the Lansing Owner Entities, although Count I is also brought against Realty Portfolio. The claims are different, Count I alleges breaches of fiduciary duties arising from the parties' partnership relationship whereas Count II alleges breach of contract arising from the shareholder and operating agreements. Although the operative facts underlying both claims are largely the same, the requested relief is different.[2] In Count I, defendants request the imposition of a constructive trust, an accounting and judgment against Lansing and Realty Portfolio for the profits and other income, distributions and benefits resulting from their use of Carroll's interests.[3] They also request the complete forfeiture of all

**STATEMENT**

compensation received by plaintiffs during the period of their fiduciary breaches. In Count II, defendants request damages, pre-judgment interest and other relief as the court deems appropriate. Courts have recognized that "[p]laintiffs can pursue different causes of action based on the same set of facts, though they can recover only once for the injury." *Freedom Mortg. Corp.* v. *Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) (internal citation and quotation marks omitted). Given that Counts I and II include a different party and request different relief, the court will allow defendants to proceed with both counts, although they may ultimately recover only one time for the same purported injury. *See, e.g., RWJ Mgmt. Co.* v. *BP Prods. N. Am., Inc.*, No. 09 C 6141, 2011 WL 101727, at *4 (N.D. Ill. Jan. 12, 2011) ("Because these are different causes of action offering different types of relief, the court overrules Defendants' objection to Count III as duplicative of the claims presented in Count I."); *Willborn* v. *Sabbia*, No. 10 C 5382, 2011 WL 1900455, at *6 (N.D. Ill. May 19, 2011) (declining to dismiss claims as duplicative stating that "this action is merely at the pleadings stage and . . . [i]t can be properly ascertained whether the . . . claims are truly duplicative at the summary judgment stage after discovery has been conducted").

## II. Motion to dismiss Count III of the Counterclaim

Plaintiffs argue that Count III must be dismissed under the "economic loss doctrine" (a.k.a. the "*Moorman* doctrine") because defendants cannot state a claim for conversion[4] where the losses they seek to recover are based on plaintiffs' alleged breach of the buy/sell provisions. The *Moorman* doctrine prevents recovery for most tort claims when the damages are purely economic. *See Moorman Mfg. Co.* v. *Nat'l Tank Co.*, 435 N.E.2d 443, 453, 91 Ill. 2d 69, 61 Ill. Dec. 746 (Ill. 1982); *Fireman's Fund Ins. Co.* v. *SEC Donohue, Inc.*, 679 N.E.2d 1197, 1199, 176 Ill. 2d 160, 223 Ill. Dec. 424 (Ill. 1997). There are three generally recognized exceptions to this rule, including "(1) where the plaintiff has sustained damage resulting from a sudden or dangerous occurrence; (2) where the plaintiff's damages are the proximate result of a defendant's intentional, false representation (fraud); and (3) where the plaintiff's damages are a proximate result of a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *In re Ill. Bell Switching Station Litig.*, 641 N.E.2d 440, 443–444, 161 Ill. 2d 233, 204 Ill. Dec. 216 (Ill. 1994) (internal citations omitted). The Illinois Supreme Court has also recognized that "[w]here a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty." *Congregation of the Passion, Holy Cross Province* v. *Touche Ross & Co.*, 636 N.E.2d 503, 514, 159 Ill. 2d 137, 164, 201 Ill. Dec. 71 (Ill. 1994). "These exceptions have in common the existence of an extra-contractual duty between the parties, giving rise to a cause of action in tort separate from one based on the contract itself." *Catalan* v. *GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011). Thus, to determine whether the *Moorman* doctrine bars a claim in tort, "the key question is whether the defendant's duty arose by operation of contract or existed independent of the contract." *Wigod* v. *Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012).

There can be no dispute that the damages defendants seek to recover in Count III are purely economic. *See* Answer ¶ 97 (requesting "an award of damages for the fair market value of Carroll's [i]nterests at the time of the conversion"); *see also Moorman*, 435 N.E.2d at 449 ("'Economic loss' has been defined as damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-*without any claim of personal injury* or damage to other property as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.") (internal quotation marks and citations omitted) (emphasis added). Defendants nonetheless argue that their claim falls into one of the recognized exceptions to the *Moorman* doctrine, arguing that Lansing had an extra-contractual duty to Carroll not to convert his property. The source of this extra-contractual duty, according to defendants, is twofold: the common law duty not to steal and the fiduciary duty shareholders owe each other in a closed corporation.

**STATEMENT**

Courts are split on whether the *Moorman* doctrine bars recovery for conversion. *Compare Essex Ins. Co.* v. *Lutz*, No. 06-CV-0114-DRH, 2007 WL 844914, at *6 (S.D. Ill. Mar. 20, 2007) (holding conversion claim barred where plaintiff failed to allege that defendant "owed it a duty completely independent of the one arising under the contract"); *Braman* v. *Woodfield Gardens Assoc., Realcorp Investors I*, 715 F. Supp. 226, 229 (N.D. Ill. 1989) (barring conversion claim where "plaintiffs' alleged injuries amount to nothing more than economic loss") *with Vanco US, LLC* v. *Brink's, Inc.*, No. 09 C 6416, 2010 WL 5365373, at *6 (N.D. Ill. Dec. 14, 2010) (holding that conversion claim may proceed where "Plaintiff's alleged pocketing of Defendant's money meant to pay Defendant's [internet service providers] is not the type of 'economic loss' contemplated by the doctrine"); *Loman* v. *Freeman*, 874 N.E.2d 542, 552, 375 Ill. App. 3d 445, 314 Ill. Dec. 446 (Ill. App. Ct. 2006) (applying the "sudden or dangerous occurrence" exception to hold that conversion claim pertaining to unauthorized surgery on a horse not barred). Defendants cite no cases, however, where the court has allowed a conversion claim to proceed based on the extra-contractual duties alleged here.

Instead, the court has stated that the "[a]pplication of the [*Moorman*] doctrine is particularly prudent where . . . the success or failure of the claim turns on an interpretation of the contract(s) between the parties." *Am. Nat'l Bank & Trust Co. of Chicago* v. *AXA Client Solutions, Inc.*, No. 00 C 6786, 2001 WL 743399, at *14 (N.D. Ill. June 29, 2001). Plaintiffs argue that Lansing was entitled to purchase and unilaterally close on Carroll's interest under the buy/sell provisions of the parties' contracts. Although the court rejected this argument,[5] defendants' losses stem from actions Lansing took pursuant to his purported interpretation of the contracts. Defendants counter that "there [is] frankly no good faith 'interpretation' that the law or the Buy/Sell Provisions somehow allowed Lansing and Realty Portfolio to ignore Lansing's pending declaratory judgment action and simply take the property when [defendants] would not [agree to sell it]." (Def.s' Memo at 9 n.6.) The Illinois Supreme Court has emphasized, however, that "[s]imply characterizing a breach of contract as 'wilful and wanton' does not change the fact that plaintiffs are only seeking recovery for harm to a contract-like interest." *Morrow* v. *L.A. Goldschmidt Assoc., Inc.*, 492 N.E.2d 181, 185, 112 Ill. 2d 87, 96 Ill. Dec. 939 (Ill. 1986). As such, "a breach of contract [does not] become[] a tort just because the breach was wilful and wanton." *Id.*; *accord Mijatovich* v. *Columbia Sav. & Loan Ass'n*, 522 N.E.2d 728, 730, 168 Ill. App. 3d 313, 119 Ill. Dec. 66 (Ill. App. Ct. 1988). The same reasoning applies here. Regardless of whether Lansing wilfully violated the parties' agreements by unilaterally closing on Carroll's interests, defendants are only seeking to recover for harm to a contract-like interest. The *Moorman* doctrine therefore precludes defendants' claim. Plaintiffs' motion to dismiss Count III of the counterclaim is granted.

**III.    Motion to join additional parties**

Defendants have moved for leave to join Realty Portfolio has a party to Counts I and III pursuant to Rules 13(h) and 21. Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiffs argue that Realty Portfolio is not a proper party because Counts I and III must be dismissed. The court has allowed defendants to proceed with Count I, and as such, their motion to join Realty Portfolio as a party is granted as to that claim.

---

1. Norfleet relies on *Serlin* v. *Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). That case presented significantly different facts. There, a second case filed in the same court was dismissed as duplicative of an earlier-filed complaint which was "identical in all material respects" to the first.

2. Plaintiffs argue that the standard in *DeGeer* v. *Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) applies, which asks "whether the claims are based on the same operative facts and the same injury." Plaintiffs cite to cases that apply *DeGeer* or Illinois law for the standard. Many of these cases find that a breach of contract claim is duplicative of a legal malpractice claim where the claimed relief for both is money

damages. The same appears to be true of *DeGeer*. A federal pleading standard applies here. *See, e.g.*, *Van Vliet*, 2011 WL 148059 at *2. Under the federal standard, requested relief in both claims must be the same, an element that is not present where, as here, one count seeks equitable relief and the other legal relief.

[0] In the alternative, defendants request an equitable lien and an accounting and judgment for the same.

[0] "To prove conversion, a plaintiff must establish that: (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione* v. *Johnson*, 703 N.E.2d 67, 70, 184 Ill. 2d 109, 234 Ill. Dec. 455 (Ill. 1998).

[0] The court previously held that "under the terms of the Operating Agreements, Lansing never acquired a right to purchase Carroll's interests." (Dkt. #23 at 15.) Specifically, the court held that "Lansing's interpretation of the Operating Agreement is not supported by the plain meaning of its terms." (*Id.* at 9.)