IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T.E. LANSING, de GELDERSE BLOM LP, RTE LANSING VI LLC, and RTE LANSING CCRC LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>GEORGE W. CARROLL and GW CARROLL VI LLC, )<br><br>Defendants. )<br>_____ )<br>GEORGE W. CARROLL and GW CARROLL VI LLC, )<br><br>Counterplaintiffs, )<br><br>v. )<br><br>ROBERT T.E. LANSING, de GELDERSE BLOM LP, RTE LANSING VI LLC, RTE LANSING CCRC LLC, and REALTY PORTFOLIO HOLDINGS LP, MICHAEL COULTER SMITH, as trustee of Celebrate Life Trust U/A/D 7/1/08, and RICHARD J. STEPHENSON, )<br><br>Counterdefendants. ) | Case No. 1:11-cv-04153<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Maria Valdez |

**GEORGE W. CARROLL'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS RICHARD J. STEPHENSON'S COUNTERCLAIM**

Counterdefendant George W. Carroll ("Carroll"), for his reply brief in support of the Motion to Dismiss Richard J. Stephenson's ("Stephenson") Counterclaim, states the following:

**Introduction**

Stephenson attempts to state a defamation cause of action based on 13 specific statements

1

attributed to Carroll in 2010 and 2011. Stephenson frankly concedes that seven of the 13 statements concern Robert Lansing ("Lansing"), not Stephenson; moreover, two of the six statements that Stephenson claims to be about him are, in fact, not about him at all. The remaining four statements contain Carroll's opinions and appear in four distinct emails, two to one individual and two to another. Based on these statements to two individuals, Stephenson seeks to recover unspecified damages. But Stephenson was not harmed by, and cannot recover for, statements that were not made about him or for non-actionable opinion statements protected by the First Amendment. Moreover, none of Carroll's statements qualifies as defamation *per se*, and the Counterclaim must therefore be dismissed for failure to plead special damages.

## Argument

Recognizing that the statements in his Counterclaim are not in fact defamatory, Stephenson turns the focus of his response brief away from the individual statements actually made by Carroll in December 2010 and January 2011. Instead, Stephenson argues that all of the allegedly defamatory statements must be "taken together" and must be considered in the context of the legal dispute between Carroll and Lansing as detailed in Carroll's Counterclaim not filed until May 2012. (*See, e.g.,* Resp. Br. at 8, 9, 10, 12-13 [Dkt. No. 262]; *see also* Carroll's Counterclaim filed May 29, 2012 [Dkt. No.41].) However, Stephenson's position mischaracterizes the relevant authority and is simply incorrect. While alleged defamatory statements certainly must be considered in context, *Tuite v. Corbitt*, 224 Ill. 2d 490, 512 (2006), the relevant context is determined by considering the context of *each* statement – not by lumping together statements made in eleven separate communications to six different individuals colored by pleading allegations made at least sixteen months after the alleged defamations. *See, e.g., Solaia Technology, LLC v. Specialty Pub. Co.* ("*Solaia I*"), 357 Ill. App. 3d 1, 15 (1st Dist.

2005) (unpublished portion) (reversed in part on other grounds) (rejecting plaintiffs' argument that all the allegedly defamatory statements were actionable because, when considered "collectively," the statements sent an "overriding point" that plaintiffs were engaged in criminal misconduct); *Coghlan v. Beck*, 2013 IL App (1st) 120891 ¶¶44-54 (considering language and context of each alleged defamatory statement individually).

Specifically, the context of a statement is found within the writing containing the allegedly defamatory remark, not in separate writings sent to other individuals. *See Tuite*, 224 Ill. 2d at 512 (explaining that when determining the context of a defamatory statement, courts look to the "writing" containing the defamatory statement "as a whole"); *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 70 (1st Dist. 2010) (same). Illinois courts refuse to consider all statements alleged to be defamatory as actionable just because one may be. *See, e.g., Rose v. Hollinger Int'l, Inc.*, 383 Ill. App. 3d 8, 17 (1st Dist. 2008) (separately assessing statements within a single letter, noting that certain statements were clearly non-actionable opinions, and proceeding to assess whether one statement in the letter might be actionable); *see also Solaia I*, 357 Ill. App. 3d at 15.

Even in *Patlovich v. Rudd*, 949 F. Supp. 585 (N.D. Ill. 1996) – a case cited by Stephenson supposedly in support of his contention that all of Carroll's allegedly defamatory statements "provide[] context to the others," (Resp. Br. at 6) – the court considered each statement individually. *Id.*. at 593-94. And while, as Stephenson notes, the *Patlovich* court did consider "accompanying remarks" when assessing whether one of these statements was actionable, (Resp. Br. at 6), the "remarks" were those contained *in the letter* in which that statement appeared, not the other alleged defamatory statements attributed to the defendant. *Id.* at 593. Similarly, Stephenson cites *Kolegas v. Heftel Broad Corp.*, 154 Ill. 2d 1 (1992), as

3

evidence that Carroll's statements should be read as together as a "pattern of remarks," (Resp. Br. at 10), when, in fact, the court in that case only considered the content of a *single* radio broadcast to assess whether a statement was actionable. *Id*. at 5-7, 9-17.

In assessing whether Stephenson has properly stated a claim, then, Carroll's remarks must be considered within the context of the writing containing each allegedly defamatory statement. Carroll's statements so considered are not actionable. Therefore, Stephenson has not stated a claim on which relief may be granted, and his Counterclaim should be dismissed.

**I. CARROLL'S STATEMENTS ABOUT LANSING, SET FORTH IN SUB-PARAGRAPHS 30(c)-(d) AND PARAGRAPH 31 OF THE COUNTERCLAIM, PROVIDE NO RIGHT OF RECOVERY FOR STEPHENSON.**

As Carroll explained in his opening brief, it is a basic tenet of Illinois defamation law that the plaintiff must show that the defendant made a false statement *concerning the plaintiff*. *See, e.g., Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 726 (7th Cir. 2004). Stephenson cannot recover for any statements that "may reasonably be interpreted as referring to someone other than [Stephenson]." *Missner v. Clifford*, 393 Ill. App. 3d 751, 766 (1st Dist. 2009); *see also Solaia Technology, LLC v. Specialty Pub. Co.* ("*Solaia II*"), 221 Ill. 2d 558, 580 (2006). A statement, *taken in its verbal and literary context*, which is reasonably capable of a non-defamatory construction should be so interpreted; there is no balancing of reasonable constructions. *Solaia II*, 221 Ill. 2d at 580; *Dubinsky v. United Airlines Master Exec. Council*, 303 Ill. App. 3d 317, 324 (1st Dist. 1999). The context of a statement, when the writing containing the statement is read as a whole, is critical to determine a statement's meaning, *Tuite*, 224 Ill. 2d at 512, and "[a]lleged defamatory statements about third parties, rather than the plaintiffs, do not satisfy the requirement that the plaintiff be identified," *Brompton Bldg., LLC v. YelpA, Inc.*, 2013 IL App (1st) 120547-U ¶34.

Here, nine of the 13 statements set forth by Stephenson to support his defamation claim directly refer to someone other than himself, specifically Lansing. (Counterclaim ¶¶30(c)-(d), 31(a)-(g).) Seven of those statements are admitted, and expressly described by Stephenson, to be "accusations of fraud *against Lansing*." (*Id*. at ¶31 (emphasis added).) This concession alone establishes that the seven statements in Paragraph 31 are capable of "reasonably be[ing] interpreted as referring to someone other than [Stephenson]" such that Stephenson's recovery is barred. *See Missner*, 393 Ill. App. 3d at 766.

Further, although Stephenson attempts to claim that the statements listed in subparagraphs 30(c) and 30(d) of the Counterclaim are "against Stephenson,"[1] a review of the actual statements (contained in their entirety in the writings attached as Exhibit C and Exhibit D to Stephenson's Counterclaim), readily reveals that they directly and explicitly refer to Lansing. (*See* Carroll Br. at 4-5 [Dkt. No. 248]; Counterclaim ¶¶30(c)-(d) and Ex. C at C004877, Ex. D at C006302.) Stephenson claims that he may nevertheless bring a defamation claim based on these two statements because: (1) a statement need not mention a person by name to defame that person; and (2) the statements can be read as referring to him when considered in the context of the buy/sell dispute between Carroll and Lansing as described in Carroll's claims against Lansing and Stephenson. (*See* Resp. Br. at 8, 9, 12-13.) Carroll certainly has no disagreement with the principles that a statement can be actionable without naming the plaintiff and that a statement's context matters, but the ultimate inquiry remains whether the statements may reasonably be interpreted as referring to someone other than the plaintiff. *See Patlovich*, 949 F. Supp. at 591 (statements deemed non-actionable because "a reasonable reader could conclude

---

[1] In subparagraph 30(c), Stephenson alleges that " ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ " (Counterclaim ¶30(c).) Subparagraph 30(d) states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ " (Counterclaim ¶30(d).)

that the alleged acts of misconduct were committed by someone other than the plaintiff"). Carroll's statements that directly name someone other than Stephenson clearly have such a reasonable interpretation. *See id*. at 590 (words in an allegedly defamatory statement are given their "natural and obvious meaning").

Accordingly, Carroll's statement in subparagraph 30(c) cannot be actionable. The remark only refers to *Lansing* "███████████" and "███████████" *to Lansing*, and the email containing the comment does not concern Stephenson. (*See* Counterclaim ¶30(c), Ex. C at C004877 ¶2.) Because the statement only refers to Lansing, Stephenson cannot recover for it. *See Missner*, 393 Ill. App. 3d at 766; *Patlovich*, 949 F. Supp. at 591.

Similarly, Stephenson cannot state a claim based on Carroll's statement, referred to in subparagraph 30(d), that Lansing's ███████████████████████████████████" (*See* Counterclaim ¶30(d) and Ex. D at C006302; Carroll Br. at 4-5.) Stephenson asserts that because Carroll detailed in his Counterclaim the involvement of Stephenson (and his family and business entities) in the Apogee project, Carroll's statement must refer to Stephenson.[2] (Resp. Br. at 9.) Yet, a review of the email actually containing the statement readily reflects that █████████████████████████████████. (Counterclaim ¶30(d) and Ex. D at C006302 ("█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████").) Stephenson is not accused of "█████" and, in fact, Stephenson is not even referenced. (*Id*.) These statements about Lansing do not satisfy the requirements for defamation against

---

[2] Stephenson also incorrectly asserts that because he alleges Carroll's statement concerns Stephenson, this Court must accept it as so. (Resp. Br. at 9.) Instead, it is a well-settled rule that where allegations in a complaint "are contradicted by written exhibits … attached to [the] complaint …, the exhibits trump the allegations." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

6

Stephenson. *Brompton Bldg., LLC*, 2013 IL App (1st) 120547-U, at ¶¶34-35 (holding that even statements in online posting which included two express references to plaintiff were not actionable because the plaintiff was not the subject of the allegedly defamatory comments).

Finally, it should be noted that Stephenson's reliance on the decision in *Missner v. Clifford*, 393 Ill. App. 3d at 768, is misplaced. Stephenson cites this decision for the proposition that when defamatory statements are aimed at a small group, the individual members of that group may, in certain situations, seek recovery. (Resp. Br. at 13.) However, this principle does not help Stephenson, where nine of the allegedly defamatory statements for which he seeks recovery are aimed not at a group, but rather at a single individual *who is not Stephenson*. Simply put, Stephenson cannot recover for the seven statements set forth in paragraph 31 and the two statements in subparagraphs 30(c)-(d) because, by directly and expressly refer to Lansing, the statements "may reasonably be interpreted as referring to someone other than [Stephenson]." *Missner*, 393 Ill. App. 3d at 766; *Patlovich*, 949 F. Supp. at 591.

**II.     THE STATEMENTS SET FORTH IN PARAGRAPH 30 OF THE COUNTER-CLAIM ARE CONSTITUTIONALLY PROTECTED OPINIONS WHICH CANNOT SUPPORT STEPHENSON'S DEFAMATION CLAIM.**

Carroll and Stephenson agree that courts consider several factors in determining whether a statement constitutes constitutionally-protected opinion as opposed to an actionable, factual assertion, including: (1) whether the statement has a precise and readily understood meaning; (2) whether the statement is objectively verifiable as true or false; and (3) whether the statement's literary or social context signals that it has factual content. *Rose v. Hollinger Intern., Inc.*, 383 Ill. App. 3d 8, 12 (1st Dist. 2008). The courts conduct this analysis from the perspective of a "reasonable recipient," *Baier*, 2013 WL 2384269, at *7 (N.D. Ill. May 29, 2013), and even harsh language is not actionable if no reasonable person would believe the statement presented factual

content.  *See Coghlan v. Beck*, 2013 IL App (1st) 120891 ¶50; *see also Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 397 (2008) ("The First Amendment prohibits defamation actions based on loose, figurative language that no reasonable person would believe presented facts.").  Critically, only statements that are capable of being proven true or false are actionable.  *Coghlan*, 2013 IL App (1st) 120891 ¶40.

Stephenson argues in his response brief that none of the statements set forth in Paragraph 30 of the Counterclaim constitutes protected opinion.  (Resp. Br. at 4, 6.)  However, as explained in Carroll's opening memorandum and as expanded on below, when each statement is properly viewed in the context in which it was made, all of the statements prove to be non-actionable. The emphasis of the protected opinion inquiry is on whether the statement is objectively verifiable, *Rose*, 383 Ill. App. 3d at 13; *Hopewell v. Vitullo*, 299 Ill. App. 3d 513, 519 (1st Dist. 1998); because Carroll's statements are incapable of such verification, Stephenson's claim fails.

**Subparagraph 30(a)**:  Stephenson argues that Carroll's "insinuation" in the statement set forth in subparagraph 30(a) that Stephenson may have " ▇▇▇▇▇▇ " is actionable.  (Resp. Br. at 6.)  While insinuations can form the basis for actionable defamation in certain circumstances, no statement is actionable if a reasonable recipient would not believe it presented facts.  *Imperial*, 227 Ill. 2d at 397 (2008); *Coghlan*, 2013 IL App (1st) 120891 ¶40.  The tenor and context of the statement should be considered in the assessment of whether a statement has factual content, *Hopewell*, 299 Ill. App. 3d at 520, and, in this case, both the tenor and context establish that Carroll's statement did not present facts and is incapable of verification.

Specifically, Carroll states: "" (Counterclaim Ex. A at C010453.)  The

8

words themselves—in particular the ▋—indicate that Carroll is not certain that ▋, negating any inference that Carroll is in possession of actual facts about Stephenson's dealings in those countries. (*See id*.) In other words, the context signals that the statement lacks factual content. *See Rose*, 383 Ill. App. 3d at 12, 13; *Hopewell*, 299 Ill. App. 3d at 519-20; *see also Kumaran v. Brotman*, 247 Ill. App. 3d 216, 228 (1st Dist. 1993) (statement found to be actionable when "the gist of the article suggested that it was factual").

Moreover, contrary to Stephenson's assertion, the generic suggestion that Stephenson may have "▋" cannot be verified by establishing through public records that Stephenson has not been convicted of a crime. (*See* Resp. Br. at 6.) Carroll's statement encompasses more than a criminal conviction, and is not actionable because any attempt to prove/disprove whether he had something to hide would necessitate "an endless analysis of each and every fact connected with" ▋. *See Hopewell*, 299 Ill. App. 3d at 520 (statement not actionable when determination of its truth would require "an endless analysis of each and every fact connected with the execution of" plaintiff's employment duties).

**Subparagraph 30(b)**: Stephenson incorrectly asserts that the statement "▋▋" is actionable. (*See* Resp. Br. at 7.) He argues that because the word "▋" has a dictionary definition, it therefore qualifies as a factual assertion. (*See id*.) Not so. As noted on page 8, *supra*, the emphasis of the "fact versus opinion" inquiry is on whether the statement is capable of objective verification, an assessment which is heavily dependent on the factual context of the statement. *See, e.g., Hopewell*, 299 Ill. App. 3d at 519-20 (even though

9

"incompetent" is an easily understood term, the statement that an individual was "fired because of incompetence" was non-actionable because without a more specific reference to actual conduct or character, any reasonable determination of the statement's falsity was foreclosed); *Rose*, 383 Ill. App. 3d at 17-18 (the statement that an individual caused "damage to our finances" was not actionable given that the broad form of the accusation would require "an endless analysis of each and every fact connected with the plaintiff's duties" to disprove the statement).

This contextual analysis is as applicable in the context of the word "▆▆▆" as it is to all other statements. *See Dubinsky*, 303 Ill. App. 3d at 329-30; *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1157-59 (C.D. Cal. 2005) (use of word "▆▆▆" in context was the type of "subjective comment that courts have typically regarded as opinion") (cited with approval by *Imperial*, 227 Ill. 2d at 397-98). The court in *Dubinsky*, for instance, determined that a statement calling the plaintiff a "▆▆▆" was not actionable because it was not made in any specific factual context. *Dubinsky*, 303 Ill. App. 3d at 329-30. The court held that, given this contextual void, the statement was not objectively verifiable and lacked factual content. *Id*. Similarly, in this case, Carroll's use of the word "▆▆▆" lacks the requisite factual context. He uses the word "▆▆▆" in one sentence in a lengthy email focused on entirely different topic, without any other reference to Stephenson or context with which to assess the statement. (Counterclaim Ex. B at C006059.) And even the sentence itself is centered on describing ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, not on Stephenson's actions. (*Id*.) Any assessment of the truth of Carroll's "▆▆▆" comment would thus necessarily entail "an endless analysis" of the purpose and nature of every financial transaction conducted by or for Stephenson, and the statement is therefore not actionable.[3]

---

[3] The cases cited by Stephenson with regard to subparagraph 30(b) wholly support the recognized legal distinction between the use of the word "▆▆▆" without factual context and the use of the word when

10

**Subparagraph 30(c)**: As explained at pages 5-6, *supra*, the statements attributed to Carroll in subparagraph 30(c)—that Lansing ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"—expressly refer to Lansing and do not concern Stephenson. Even setting aside that direct bar to recovery by Stephenson, the statements would still not be actionable because they merely represent Carroll's opinions. *See Coghlan*, 2013 IL App (1st) 120891 ¶40 (opinions are not actionable). Stephenson's only argument to the contrary is his unsupported contention that the statements "were written with the intention of conveying verifiable facts that Stephenson is a criminal or dishonest." (Resp. Br. at 8.) Yet there is nothing verifiable about whether a person has ▬▬▬▬▬▬▬▬▬▬," and the expression "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" is equally hyperbolic and figurative. *See Imperial.*, 227 Ill. 2d at 397 (First Amendment protects figurative language); *J. Maki Const. Co. v. Chi. Reg. Council of Carpenters*, 379 Ill. App. 3d 189, 200-01 (2d Dist. 2008) (imprecise and hyperbolic statement held to be non-actionable opinion).

**Subparagraph 30(d)**: As to subparagraph 30(d) – the second statement in Paragraph 30 that does not concern Stephenson – Stephenson contends that Carroll's suggestion that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" is actionable because it paints Stephenson as "deceitful, a liar and criminal" by implying knowledge of underlying facts. (Resp. Br. at 9.) However, "▬▬▬" implies nothing about criminal activity, and, more to the point, statements

---

specific criminal activity has been identified or referenced. For instance, in *Curry v. Roman*, 217 A.D.2d 314 (1995), "▬▬▬" was said immediately following the auction of a painting, to individuals involved in the auction of the painting, about the auction of the painting. *Id*. at 316-17. In other words, the statement had a clear factual context readily allowing for objective verification – *i.e.*, were the plaintiffs "▬▬▬" when auctioning off the painting? *See id*. Similarly, the defendant in *Kumaran v. Brotman*, 247 Ill. App. 3d 216 (1st Dist. 1993), did not simply state that the plaintiff was "working a scam." He also explained the factual basis behind the statement, namely that the plaintiff was filing unwarranted lawsuits for settlement money. *See Schivarelli v. CBS, Inc.*, 333 Ill. App. 3d 755, 763 (1st Dist. 2002) (discussing *Kumaran*); *Kumaran*, 247 Ill. App. 3d at 219-21. As explained above, Carroll's statement here has no such context.

made by Carroll about Lansing's actions do not imply *anything* about Stephenson. Moreover, the context of the statement directly signals that the statement represents Carroll's opinion, not with mere prefatory language as Stephenson suggests, but in its entirety. (*See* Counterclaim Ex. D at C006302 ("█████████████████████████████████████████████████████████ ████████".) Carroll expressly states that his opinion may be viewed differently by others. (*Id*.) Stephenson should not be permitted to recover for Carroll's opinion about Lansing's actions. *See Coghlan*, 2013 IL App (1st) 120891 ¶40; *Missner*, 393 Ill. App. 3d at 766.

**Subparagraph 30(e)**: Carroll's reference to "████████████████████████" set forth in Subparagraph 30(e) constitutes a protected opinion because the statement has no precise meaning that can be verified. Determining whether a person is "████████" like determining whether a person is "rude," "nasty," "unhelpful," or "unprofessional," is an inherently subjective task. *See Gosling v. Conagra, Inc.*, 1996 WL 199738, at *6 (N.D. Ill. Apr. 23, 1996). Stephenson contends that the statement is actionable because "it is another example of a pattern of remarks" stated to taint Stephenson's business reputation. (Resp. Br. at 10.) However, in support, Stephenson cites to *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1 (1992), a case where the court only considered statements made within a *single* radio broadcast to assess the actionability of an alleged defamation. *Id*. at 5-7, 9-17. Moreover, nowhere did the court in the *Kolegas* case consider the statement "in the context of the dispute" between the parties as Stephenson claims. *See id.* In fact, the parties had no prior relationship and there was no dispute. *Id*. at 5-7.

Ultimately, "████████" is a subjective characterization lacking precise and readily understood meaning and therefore cannot be actionable. *See Imperial*, 227 Ill. 2d at 401 (subjective characterizations held not actionable). As with the statements in subparagraphs 30(a) and (b), any determination of the veracity of the statement would require an impossible "endless

analysis." *Liu v. Northwestern University*, 2015 WL 328213, at *8 (N.D. Ill. Jan. 26, 2015) (statements that plaintiff was "uncooperative, evasive, and not forthcoming" lacked the necessary factual context such that an attempt to prove the statement would entail an endless analysis of every fact connected with plaintiffs statements to Northwestern personnel); *see also Hopewell*, 299 Ill. App. 3d at 519-20.

**Subparagraph 30(f)**: Stephenson claims that Carroll's statement that "█████████ ██████████████████████████" is actionable because of the "implication inherent in this statement, viewed in light of the other emails." (Resp. Br. at 10.) But, even setting aside the fact that there is nothing inherently negative, let alone defamatory, about Carroll's statement, Stephenson's argument fails for the same reasons set forth with regard to subparagraph 30(e). The statement has no precise meaning or factual context, rendering any attempt to determine the truth or falsity of the claim that Stephenson may like to "████████" an impossible task. *See Hopewell*, 299 Ill. App. 3d at 519-20; *Rose*, 383 Ill. App. 3d at 18.

### III. STEPHENSON'S FAILURE TO PLEAD SPECIAL DAMAGES WARRANTS DISMISSAL OF THE COUNTERCLAIM.

For the reasons articulated in the previous two sections and in Carroll's opening brief, none of the 13 allegedly defamatory statements set forth in the Counterclaim provides a right of recovery for Stephenson. But even assuming, *arguendo*, any of the alleged statements did provide such a right, Stephenson's claim is still insufficient because no special damages are alleged. *See* Counterclaim at ¶¶35, 38; *Appraisers Coalition v. Appraisal Institute*, 845 F. Supp. 592, 609 (N.D. Ill. 1994) (holding that allegations of injury to plaintiff's business reputation are insufficient to state special damages). Damages may only be presumed, and the pleading requirement for special damages waived, in cases where plaintiffs have adequately set forth claims for defamation *per se*. *Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d 1019, 1026 (N.D.

Ill. 2007). Despite Stephenson's protestations to the contrary, he has not done so.

Statements are considered defamatory *per se* when the harm is "obvious and apparent" on the face of the statement. *Coghlan v. Beck*, 2013 IL App (1st) 120891 ¶39. "[O]nly statements which are defamatory *per quod* may rely on extrinsic facts" to establish their defamatory nature. *Dubinsky*, 303 Ill. App. 3d at 327 (explaining that plaintiff's argument that the allegedly defamatory statement should be read in conjunction with a separate written report "would preclude [the statement] from being considered defamatory *per se*"); *see also Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d at 1026 (defamation *per quod* actions require extrinsic facts to prove the defamatory nature of the statement). Therefore, Stephenson's attempt to use the external context of the buy/sell dispute, and his endeavor to lump together all of Carroll's statements in order to establish prejudice to Stephenson, necessarily fail to state a claim for defamation *per se*.

Furthermore, contrary to Stephenson's assertion, none of the statements contained in Paragraph 30 falls into the defamation *per se* categories by "charging Stephenson with the commission of a financial crime" or serving as "prejudicial to Stephenson's profession and business."[4] (*See* Resp. Br. at 14.) As detailed on pages 9-11, *supra*, Carroll's statement that "███████████████████████████████████████████████████████████████

███" was merely an opinion that lacked sufficient factual context to be considered an actual accusation of criminal activity. *See Dubinsky*, 303 Ill. App. 3d at 329-30 (use of "████" was "devoid of factual content"). The remaining statements are too far removed from Stephenson's profession or business to be actionable *per se*. Statements deemed defamatory *per se* based on prejudice to a plaintiff's profession "have always been related to job performance; to succeed,

---

[4] Carroll notes that Stephenson makes no argument for why any of the statements contained in Paragraph 31 of the Counterclaim constitute defamation *per se*.

the plaintiff must have been accused of lacking *ability in his trade* or doing something bad *in the course of carrying out his job*." *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005) (emphasis in original). Carroll's statements as set forth in the Counterclaim, including the suggestions that Stephenson may have "[redacted]," is "[redacted]," or "[redacted]," are not sufficiently related to any aspect of Stephenson's actual trade to constitute defamation *per se*. *See id*. at 858 (attacks related to personal integrity and character have not been deemed defamatory *per se*).[5] Thus, Stephenson's failure to plead special damages necessarily dooms his claim.

## Conclusion

For the foregoing reasons, George W. Carroll respectfully requests that this Court grant the Rule 12(b)(6) motion to dismiss the Counterclaim, dismissing the defamation claim asserted by Richard J. Stephenson in its entirety.

Dated: May 20, 2015

Respectfully submitted,

GEORGE W. CARROLL

　　　　　*/s/ Jeff D. Harris*　　　　
　　　　　One of his attorneys

James R. Figliulo (ARDC No. 06183947)
Jeff D. Harris (ARDC No. 3121786)
James H. Bowhay (ARDC No. 06203860)
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street, Suite 3600
Chicago, Illinois 60603
312-251-4600 (telephone)

---

[5] Yet again, the cases cited by Stephenson affirm Carroll's point that defamation *per se* claims based on prejudice to business involve statements directed towards a plaintiff's performance of his actual job. In *Appraisers Coalition v. Appraisal Institute*, 845 F. Supp. 592 (N.D. Ill. 1994), for example, a statement was determined to support a defamation *per se* claim where a group of individuals, working as professional real estate appraisers, were accused of not actually being "professional appraisers." *Id*. at 610. Thus, the defamatory remark went directly to the heart of their trade. *See id*.; *see also Republic Tobacco, L.P. v. N. Atl. Trading Co., Inc*., 381 F.3d 717 (7th Cir. 2004) (actionable letter contained express references to specific aspects of plaintiff's business, including monopolization of cigarette paper market in southeast United States, contracts restraining trade, and defacement of competitors' vendor displays).

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that he caused a copy of the attached **George W. Carroll's Reply Brief in Support of Motion to Dismiss Richard J. Stephenson's Counterclaim** to be electronically filed with the Clerk of the Court on May 20, 2015. Notice of this filing will be served upon counsel of record via Electronic Notification by the District Court's ECF Filing System.

_/s/ Jeff D. Harris_

.